Russell Clive Handy, Esquire, Mark D. Potter, Esquire, Potter Handy LLP, San Diego, CA, for Plaintiff-Appellant

Scot Claus, Dickinson Wright/Mariscal Weeks, Phoenix, AZ, Lann G. McIntyre, Esquire, Attorney, Lewis Brisbois Bisgaard & Smith LLP, San Diego, CA, for Defendant-Appellee

Christopher Chen-Hsin Wang, Attorney, DOJ-U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Amicus Curiae United States of America

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

We vacate the district court's dismissal of this action, and we remand for reconsideration in light of Karczewski v. DCH Mission Valley, LLC, No. 15-55633.

**VACATED and REMANDED.** Costs on appeal awarded to Plaintiff.

BYBEE, Circuit Judge, acquiescing dubitante:

I acquiesce *dubitante* for the reasons articulated in my separate opinion in *Karczewski v. DCH Mission Valley, LLC*, No. 15-55633.

---

Scott **SCHUTZA, Plaintiff-Appellant,**

v.

**FRN OF SAN DIEGO, LLC, a Delaware Limited Liability Company, Defendant-Appellee.**

No. 15-55704

United States Court of Appeals, Ninth Circuit.

Submitted February 6, 2017 * Pasadena, California

Filed July 10, 2017

Russell Clive Handy, Esquire, Mark D. Potter, Esquire, Potter Handy LLP, San Diego, CA, for Plaintiff-Appellant

Jane A. Rheinheimer, Esquire, Rheinheimer Smigliani, APC, San Diego, CA, for Defendant-Appellee

Christopher Chen-Hsin Wang, Attorney, DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Amicus Curiae United States of America

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

We vacate the district court's dismissal of this action, and we remand for reconsid-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

eration in light of <u>Karczewski v. DCH Mission Valley, LLC,</u> No. 15-55633.

**VACATED and REMANDED.** Costs on appeal awarded to Plaintiff.

BYBEE, Circuit Judge, acquiescing dubitante:

I acquiesce *dubitante* for the reasons articulated in my separate opinion in *Karczewski v. DCH Mission Valley, LLC,* No. 15-55633.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Randall Kawika CHAR, AKA Randall**
**K. Char, Defendant-Appellant.**

**No. 15-10532**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16,
2017 Honolulu, Hawaii

Filed July 10, 2017

Marion Percell, Esquire, Assistant U.S. Attorney, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff-Appellee

Cynthia Ann Kagiwada, Kaneohe, HI, for Defendant-Appellant

Before: FISHER, PAEZ and NGUYEN, Circuit Judges.

MEMORANDUM **

Randall Kawika Char appeals from the district court's judgment and challenges the 144-month sentence imposed following his guilty plea conviction for two counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

1. A defendant is eligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2) only if his sentence was "based on" a subsequently lowered guidelines range. *See United States v. Rodriguez-Soriano,* 855 F.3d 1040, 1042 (9th Cir. 2017). Although Char initially argued the district court should have reduced his sentence beyond 144 months, he now concedes the district court should not have reduced his sentence under § 3582(c)(2) at all. Char's sentence was not "based on" a subsequently lowered guidelines range, but on a statutory mandatory minimum and a substantial assistance motion. *See* 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3553(e). Notwithstanding this error, we will not enlarge Char's sentence. A defendant "who appeals but faces no cross-appeal can proceed anticipating that the appellate court will not enlarge his sentence." *Greenlaw v. United States,* 554 U.S. 237, 252, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.